**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**KEVIN D. EVANS,**

                Petitioner,

     -vs-                                                                          **Case No. 09-C-493**

**PETER A. HUIBREGTSE,**
**Warden, Green Bay Correctional Institution,**

                Respondent.

## DECISION AND ORDER

Kevin Evans petitions this Court for relief under 28 U.S.C. § 2254. Evans was sentenced to a minimum forty-five year term of imprisonment and a maximum of twenty-years on extended supervision after pleading guilty to first-degree reckless homicide, while armed, as a party to a crime.

Evans was involved in the shooting and death of Sasha Carter. *State of Wisconsin v. Evans*, No. 2005AP1932-CRNM, 2 (Wis. Ct. App. Feb. 14, 2008). Evans was driving in a Milwaukee neighborhood with friends when they saw an automobile parked at a gas station and decided to steal it for its rims. The automobile held two passengers – Carter and Jimmy Hayes. Armed, Evans and a friend approached the car on foot. One of the other accomplices warned the two that an occupant of the car was "reaching into the back seat." Evans fired into the vehicle, hitting Carter, who later died from her wounds. Hayes was unhurt. Evans and his accomplices then took the automobile to another location, stripped it of its rims and

tires, and set the automobile on fire. Two days after the incident, Hayes informed the police that the stolen rims were being sold out of a tan Chevrolet Malibu at a Milwaukee location. After arriving at the location, police observed Evans driving a car that matched Hayes's description. Evans was then apprehended and charged.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs the review of state court convictions in federal habeas corpus proceedings. A federal court may grant habeas relief only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d). A state court decision is "contrary to" federal law if the state court either incorrectly laid out governing United States Supreme Court precedent or decided a case differently than a factually and materially indistinguishable Supreme Court case. § 2254(d)(1). A state court unreasonably applies Supreme Court precedent when it correctly identifies the governing legal rule but unreasonably applies it to the facts of a case; unreasonably extends a legal principle from the Supreme Court's precedent to a new context in which it should not apply; or unreasonably refuses to extend that principle to a new context in which it should apply. § 2254(d)(1); *Ellison v. Acevedo*, 593 F.3d 625, 632 (7th Cir. 2010).

In order to succeed on his petition, Evans must demonstrate that his plea was not knowing and voluntary. *United States v. Gilliam*, 255 F.3d 428, 423-33 (7th Cir. 2001). "Once a plea of guilty has been entered, non-jurisdictional challenges to the constitutionality

of the conviction are waived and only the knowing and voluntary nature of the plea may be attacked." *United States v. Brown*, 870 F.2d 1354, 1358 (7th Cir. 1989). Put another way, a "voluntary guilty plea waives all nonjurisdictional defects in the proceedings against the defendant. This includes claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary." *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000). With respect to ineffective assistance, Evans "must establish that counsel's performance was objectively unreasonable and that, but for counsel's erroneous advice, he would not have pleaded guilty." *Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000). This test is "highly deferential" to counsel and presumes reasonable judgment and effective trial strategy. *United States v. Scanga*, 225 F.3d 780, 783-84 (7th Cir. 2000).

Evans argues that his plea was invalid because the trial court did not inform him that it was not bound by the plea agreement at sentencing. This is incorrect, as discussed in the appellate court opinion. D. 1-2, at 2. A review of the record confirms this understanding. "Do you understand I do not have to follow the recommendation of the District Attorney's office, your attorney or any pre-sentence writer and I could sentence you to . . . [an] enhanced [sentence]?" Evans responded, "yes." Answer, Ex. O at 5.

Evans also claims that the prosecutor coerced him into pleading guilty by threatening to charge him with a more serious charge. As the court of appeals explained, Hayes' testimony could reasonably support a first degree intentional homicide charge. D. 1-2, at 4.

This was a reasonable application of Supreme Court precedent. *Bordenkircher v. Hayes*, 434 U.S. 357, 363-64 (1978).

With respect to his attorney's performance, Evans claims that counsel withheld a ballistics report which would have shown that Evans did not commit the crime. However, in an affidavit attached to her supplemental no merit report, Evans' appellate counsel explains that she spoke with Attorney Goldberg, who told her that he did share the ballistic evidence with Mr. Evans. Answer, Ex. D, Supp. Aff. at 103, ¶ 4(d). Evans also claims that counsel was ineffective for not pursuing his alibi claim. Initially, Evans told counsel that he did not commit the crime and that he had an alibi, but "Evans later changed his story and said that he was there at the scene of the crime and that he fired the gun. . . ." Answer, Ex. D, Supp. Aff. at 102, ¶ 4(c). "Attorney Goldberg did not investigate the alibi because Evans did not adhere to the alibi." *Id*. Evans further claims that his attorney was ineffective because he did not pursue a claim of legal incompetency. As the court of appeals explained, "the record is devoid of any information that would have supported a claim of legal incompetence. In fact, the record indicates that Evans was legally competent, with counsel noting at the plea hearing that Evans, who had done some of his own legal research, was 'one of the rare clients who . . . understood what he was researching.'" D. 1-2 at 4-5. Evans cannot establish deficient performance with respect to any of these claims.

Evans also claims that his attorney was ineffective because he failed to object to Evans' parole officer writing the presentence report. Evans cannot establish prejudice on this claim because his "claims of inaccuracies in the presentence investigation report are

-4-

Case 2:09-cv-00493-RTR   Filed 08/22/12   Page 4 of 6   Document 19

unfounded. To the extent that Evans is claiming that the presentence writer's recommendation of a lengthy sentence demonstrates bias, we note that the circuit court specifically indicated at sentencing that it used presentence reports only for the objective information in them and does not consider the writer's recommendation due to the wide variation in those recommendations." D. 1-2 at 6-7. This was a reasonable application of the *Strickland* standard.

The balance of Evans' claims primarily relate to the suppression hearing prior to his plea bargain. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). To the extent that Evans raises the suppression issue through the lens of ineffective assistance of counsel, Evans cannot demonstrate that his attorney's advice to forego the suppression hearing in favor of a guilty plea was deficient performance, nor does he claim that he would have rejected the plea and insisted upon going to trial in the absence of his attorney's faulty advice.

Finally, Evans claims that the prosecution either destroyed or withheld exculpatory evidence. It is unclear whether such a claim could be used to attack the voluntariness of a guilty plea. *See McCann v. Mangialardi*, 337 F.3d 782, 787 (7th Cir. 2003) ("The [Supreme] Court has yet to address . . . whether the Due Process Clause requires [*Brady*] disclosures outside the context of a trial"). In any event, the court of appeals rejected this argument because it was "unsupported." D. 1-2 at 8.

-5-

Case 2:09-cv-00493-RTR   Filed 08/22/12   Page 5 of 6   Document 19

In connection with this order, the Court must "issue or deny a certificate of appealability . . ." Rule 11(a), Rules Governing Section 2254 Cases. The Court will not issue a certificate because it is not debatable among reasonable jurists whether this petition should have been resolved in a different manner or that the issues deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c)(2).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** Evans' petition is **DENIED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 22nd day of August, 2012.

                                              **BY THE COURT:**

                                              **HON. RUDOLPH T. RANDA**
                                              **U.S. District Judge**